AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
## for the
### Southern District of Florida

|  |  |  |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| ROBERT PINDER (D1), RAYMOND PINDER (D2), | ) | Case No. 13-8163-JMH |
| PEDRO CASTILLO DE LEON (D3), WM. ACOSTA | ) | |
| JIMENEZ (D4), EFRAIN GUERRA GUTIERREZ | ) | |
| (D5), and WILSON CASTILLO GUERRA (D6) | ) | |
| *Defendant(s)* | | |

```
FILED by _____ D.C.

   MAR 2 1 2013

   STEVEN M. LARIMORE
   CLERK U.S. DIST. CT.
   S.D. OF FLA. - W.P.B.
```

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of ___March 18-19, 2013,___ in the county of ___Palm Beach___ in the ___Southern___ District of ___Florida___, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. §1324(a)(2)(b)(ii) | Alien Smuggling for Profit (Defendants 1 and 2). |
| 8 U.S.C. §1324(a)(1)(A)(i) | Alien Smuggling (Defendants 1 and 2). |
| 8 U.S.C. §1324(a)(1)(A)(v)(I) | Conspiracy to Smuggle Aliens (Defendants 1 and 2). |
| 8 U.S.C. §1326(a) and (b)(1) | Illegal Re-Entry after Deportation (Defendants 3, 4, 5 and 6) |
| 8 U.S.C. §1326(a) | Illegal Re-Entry after Deportation (Defendant 2) |

This criminal complaint is based on these facts:

See attached affidavit of Special Agent Cynthia Samples.

☑ Continued on the attached sheet.

*I find probable cause. JMH*

Sworn to before me and signed in my presence.

_____
Complainant's signature

Special Agent Cynthia Samples, HSI
*Printed name and title*

Date: ___03/21/2013___

_____
Judge's signature

City and state: ___West Palm Beach, Florida___

Magistrate Judge James M. Hopkins
*Printed name and title*

## AFFIDAVIT

I, Cynthia Samples, being duly sworn, herby depose and state the following:

1. I am a Special Agent (S/A) with the Department of Homeland Security, Homeland Security Investigations (HSI) assigned to the office of the Assistant Special Agent in Charge, West Palm Beach, Florida, and have been so employed by HSI since 2009. I have successfully completed the Criminal Investigator Training Program and Special Agent Training at the Federal Law Enforcement Training Center in Glynco, Georgia. Among my responsibilities as a Special Agent, I am responsible for conducting investigations for alleged violations of the Immigration and Customs laws of the United States.

2. The statements contained in this affidavit are based upon my own personal knowledge, as well as information provided to me by other law enforcement officials and employees of HSI. I have not included in this Affidavit each and every fact and circumstance known to me, but only the facts and circumstances that I believe are sufficient to establish probable cause.

3. On March 19, 2013 at 0215 the USCG received a distress call via VHF Channel 16 of a disabled vessel, a 19 foot Boston Whaler (altered HIN), in position 26 46N 079 23W, approximately 31 NM E of Palm Beach and 31 SW of West End, Bahamas. USCG Cutter (CGC) RICHARD ETHRIDGE responded and discovered the vessel and 12 persons onboard (08 Columbian, 02 Bahamian, 01 Chilean and 01 Mexican). The vessels captain (Bahamian) made a verbal claim of Bahamas registry for the vessel, stated that the vessels last port of call was Bimini, Bahamas, and that the vessel and passengers were en route to Freeport, Bahamas. However, Bahamian authorities advised the Coast Guard that they did not have records of the boat's registration in the Bahamas, thereby making it a stateless vessel. The Coast Guard initiated a routine administrative stop of the vessel.

4. Once onboard the vessel, the Coast Guard boarding team encountered twelve (12) people on board the 19 foot vessel, which had a maximum capacity of 7 persons according to a U.S.C.G. placard onboard the vessel. There were only two life vests on board the vessel, which had begun to take on water. The Master of the vessel was Robert PINDER, a Bahamian Citizen, and the Crewmember of the vessel was Raymond PINDER. Also onboard were ten (10) foreign nationals, eight citizens of Colombia, one citizen of Chile, and one citizen of Mexico. All twelve occupants were transferred to the United States

Coast Guard Richard Ethridge in order to collect biometrics to determine nationality and immigration status.

5. The biometrics results revealed that none of the twelve foreign nationals onboard had permission or prior authorization to enter the United States, and that one Mexican, one Bahamian, and four of the Colombians had previously been removed from the United States.

6. Raymond PINDER, who was born on December 01, 1975, is a citizen of the Bahamas and was previously removed from the Unites States on November 24, 2001. He did not have permission to come to or enter the United States legally.

7. Robert PINDER, who was born on November 7, 1973, is a citizen of the Bahamas. He did not have permission to come to or enter the United States legally.

8. William Alfredo ACOSTA JIMENEZ, who was born on September 13, 1967, is a citizen of Colombia and was previously removed from the United States on December 21, 2012. Biometric results indicate that ACOSTA JIMENEZ was previously convicted of a felony charge of Larceny in the Third Degree under the name "Julio Bustos" on June 3, 2003. He did not have permission to come to or enter the United States legally.

9. Pedro Alberto CASTILLO DE LEON, who was born on May 02, 1977, is a citizen of Mexico and was previously removed from the United States on June 14, 2012. Biometric results indicate that CASTILLO DE LEON was previously convicted of a felony of Willful Obstruction of Law Enforcement by Use of Threats or Violence under the name "Robert Hernandez" on January 7, 2005. He did not have permission to come to or enter the United States legally.

10. Efrain Antonio GUERRA GUTIERREZ, who was born on August 2, 1968, is a citizen of Colombia and was previously removed on October 23, 2003. Biometric results indicate that GUERRA GUTIERREZ was previously convicted of a felony of Theft under the name "Fredy Iguera Gonzalez" on July 14, 2000.  He did not have permission to come to or enter the United States legally.

11. Wilson Alexander CASTILLO GUERRA, who was born on December 21, 1975, is a citizen of Colombia and was previously removed on May 21, 2010. Biometric results indicate that CASTILLO GUERRA was previously convicted of a felony of Theft under

the name "Edwin Mursea" on February 6, 2002.   He did not have permission to come to or enter the United States.

12. On March 20, 2013 all twelve people onboard the boat was transferred ashore and interviewed by HSI. Robert PINDER was read his <u>Miranda</u> rights and signed a written rights waiver.  The following is a synopsis of the statements made by Robert PINDER:

    a. On or about March 18, 2013, he met a co-conspirator unknown name in West End, Grand Bahamas and was asked to smuggle ten aliens.  At this time, PINDER and his brother Raymond PINDER each received $4000 cash payment for the trip to the United States and were promised more upon their return.

    b. Later the same day, PINDER prepared the boat for the voyage and waited for the arrival of the aliens. Upon their arrival at approximately 10 pm they departed West End en route to the United States.

    c. PINDER indicated that they had traveled approximately forty miles when they observed an aircraft flying in the area and decided to turn back towards the Bahamas. At that time he erased all data from the GPS device that he was using.

    d. While enroute back to the Bahamas they experienced engine problems and summoned help from several passing vessels and the USCG.

13. When encountered by the USCG, Robert PINDER was in possession of a global position system (GPS) and approximately $200 USD.

14. Raymond PINDER was read his Miranda rights and signed a written rights waiver. The following is a synopsis of the statements made by Raymond PINDER:

    a. He stated that a couple of days prior to the voyage he was contacted by a subject who inquired if he and his brother wanted to make some money running a boat.

    b. On or about Saturday March 16, 2013 he and Robert ~~when~~ to a residence and met with an unidentified co-conspirator who gave them $8000 USD and told them that this would get them started. They were told they would get more money if they were successful.

    c. On Monday March 18, 2013, he and his brother fueled the boat and placed extra fuel containers on the boat.  The boat was then then taken and placed in the water at a boat ramp near West End, Grand Bahamas and waited for the people to arrive.

    d.  At approximately 9 pm two cars arrived and brought the people to the boat. They then departed towards the United States with ten passengers. They were provided a set of coordinates to enter into a GPS but did not exactly know where they were going.

    e.  Approximately half way to the United States the boat began to have engine trouble. They then deleted all of the information off of the GPS.

    f.  Raymond stated that he previously lived in the United States but overstayed his Visa and was removed. He knew that he did not have permission to return to the United States.

    g.  Raymond stated that he knew that the way the passengers were entering the United States was illegal and knows that you must have a Visa to enter the United States.

15. One of the aliens, Nestor Orlando LINERO ORTIZ, a citizen of Colombia, told HSI that the purpose of the trip was to enter the United States, and had paid a Bahamian male $6000 USD in the Bahamas, and was supposed to pay an additional $2000 USD to another man upon arriving in the United States.  He identified the "heavy set one" (Robert PINDER) as the smuggler, and indicated that the "skinny one" (Raymond PINDER) was also at the boat when they arrived to be brought to the United States.

16. Based on the foregoing facts, I submit that probable cause exists that:

    a.  Robert PINDER did knowingly and intentionally bring and attempt to bring a person(s) known to be an alien into the United States via marine vessel, for the purpose of commercial advantage and financial gain, knowing and in reckless disregard of the fact that the alien had not received prior official authorization to come to, enter and reside in the United States, and regardless of any official action which may be later taken with respect to such alien, and did conspire to do so, in violation of Title 8 United States Code, Sections 1324(a)(2)(B)(ii) and Title 18 United States Code, Section 2; and that Robert PINDER, did knowingly and willfully combines, conspired, confederated and agreed with other persons known and unknown to intentionally bring a person(s) known to be an alien into the United States via a State of Florida registered marine vessel other than at a place

4

other than a designated port of entry or place other than as designated by the Commissioner, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(i), 1324 (a)(B)(i), and 1324(a)(1)(A)(v)(I).

b.  Raymond PINDER did knowingly and intentionally bring and attempt to bring a person(s) known to be an alien into the United States via marine vessel, for the purpose of commercial advantage and financial gain, knowing and in reckless disregard of the fact that the alien had not received prior official authorization to come to, enter and reside in the United States, and regardless of any official action which may be later taken with respect to such alien, and did conspire to do so, in violation of Title 8 United States Code, Sections 1324(a)(2)(B)(ii) and Title 18 United States Code, Section 2; and that Raymond PINDER, did knowingly and willfully combines, conspired, confederated and agreed with other persons known and unknown to intentionally bring a person(s) known to be an alien into the United States via a State of Florida registered marine vessel other than at a place other than a designated port of entry or place other than as designated by the Commissioner, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(i), 1324 (a)(B)(i), and 1324(a)(1)(A)(v)(i); and did attempt to enter the United States, knowingly and unlawfully, without the Attorney General of the United States or his successor, the Secretary of Homeland Security (Title 6, United States Code, Sections 202(3), 202(4), and 557) having expressly consented to such alien's reapplying for admission to the United States, in violation of Title 8, United States Code, Section 1326(a).

c.  William Alfredo ACOSTA JIMENEZ did attempt to enter the United States, knowingly and unlawfully, without the Attorney General of the United States or his successor, the Secretary of Homeland Security (Title 6, United States Code, Sections 202(3), 202(4), and 557) having expressly consented to such alien's reapplying for admission to the United States, in violation of Title 8, United States Code, Sections 1326(a) and (b)(1).

d.  Efrain Antonio GUERRA GUTIERREZ did attempt to enter the United States, knowingly and unlawfully, without the Attorney General of the United States or his successor, the Secretary of Homeland Security (Title 6, United States Code,

Sections 202(3), 202(4), and 557) having expressly consented to such alien's reapplying for admission to the United States, in violation of Title 8, United States Code, Sections 1326(a) and (b)(1).

e.   Wilson Alexander CASTILLO GUERRA did attempt to enter the United States, knowingly and unlawfully, without the Attorney General of the United States or his successor, the Secretary of Homeland Security (Title 6, United States Code, Sections 202(3), 202(4), and 557) having expressly consented to such alien's reapplying for admission to the United States, in violation of Title 8, United States Code, Sections 1326(a) and (b)(1).

f.   Pedro Alberto CASTILLO DE LEON did attempt to enter the United States, knowingly and unlawfully, without the Attorney General of the United States or his successor, the Secretary of Homeland Security (Title 6, United States Code, Sections 202(3), 202(4), and 557) having expressly consented to such alien's reapplying for admission to the United States, in violation of Title 8, United States Code, Sections 1326(a) and (b)(1).

**FURTHER AFFIANT SAYETH NAUGHT**

CYNTHIA SAMPLES, SPECIAL AGENT
HOMELAND SECURITY INVESTIGATIONS

Sworn and subscribed before me this
21st day of March, 2013.

JAMES M. HOPKINS
UNITED STATE MAGISTRATE JUDGE

6

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

No. _____13-8163-JMH_____

UNITED STATES OF AMERICA

vs.

**Robert Pinder,**
**Raymond Pinder,**
**Pedro Alberto Castillo De Leon,**
**William Alfredo Acosta-Jimenez,**
**Efrain Antonio Guerra-Gutierrez, and**
**Wilson Alexander Castillo-Guerra,**

                    **Defendants.**
_____/

## CRIMINAL COVER SHEET

1.      Did this matter originate from a matter pending in the Northern Region of the United States
        Attorney's Office prior to October 14, 2003?      _____ Yes   _X_  No

2.      Did this matter originate from a matter pending in the Central Region of the United States
        Attorney's Office prior to September 1, 2007?      _____ Yes   _X_  No

                    Respectfully submitted,

                    WIFREDO A. FERRER
                    UNITED STATES ATTORNEY

BY:     _____
                    AURORA FAGAN
                    ASSISTANT UNITED STATES ATTORNEY
                    Florida Bar No.188591
                    500 S. Australian Ave., Ste. 400
                    West Palm Beach, Fl 33401
                    TEL (561) 820-8711
                    FAX (561) 802-1787

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**CASE NUMBER:**  13-8163-JMH

### BOND RECOMMENDATION

DEFENDANT: Robert Pinder

Pre-Trial Detention

(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: _____

AUSA:   Aurora Fagan

Last Known Address: Palm Beach County Jail

What Facility:   PBCJ

Agent(s):   Cynthia Samples ICE

(FBI)   (SECRET SERVICE)   (DEA)   (IRS)   (ICE)   (**OTHER**)

561-835-3341

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NUMBER: 13-8163-JMH

### BOND RECOMMENDATION

DEFENDANT: Raymond Pinder

Pre-Trial Detention

(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: _____

AUSA:   Aurora Fagan

Last Known Address: Palm Beach County Jail

_____

_____

What Facility:   PBCJ

_____

Agent(s):   Cynthia Samples ICE

(FBI)   (SECRET SERVICE)   (DEA)   (IRS)   (ICE)   (**OTHER**)

561-835-3341

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**CASE NUMBER:**  13-8163-JMH

### BOND RECOMMENDATION

DEFENDANT: Pedro Alberto Castillo De Leon

Pre-Trial Detention

(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: _____

AUSA:   Aurora Fagan

Last Known Address: Palm Beach County Jail

_____

_____

What Facility:   PBCJ

_____

Agent(s):   Cynthia Samples ICE

(FBI)   (SECRET SERVICE)   (DEA)   (IRS)   (ICE)   (**OTHER**)

561-835-3341

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NUMBER:  13-8163-JMH

### BOND RECOMMENDATION

DEFENDANT: William Alfredo Acosta-Jimenez

Pre-Trial Detention

(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: _____

AUSA:   Aurora Fagan

Last Known Address: Palm Beach County Jail

_____

_____

What Facility:        PBCJ

_____

Agent(s):        Cynthia Samples ICE

(FBI)   (SECRET SERVICE)   (DEA)   (IRS)   (ICE)   (**OTHER**)

561-835-3341

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NUMBER:  13-8163-JMH

### BOND RECOMMENDATION

DEFENDANT: Efrain Antonio Guerra-Gutierrez

Pre-Trial Detention

(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)


By:   _____
AUSA:   Aurora Fagan


Last Known Address: Palm Beach County Jail

_____

_____


What Facility:   PBCJ

_____


Agent(s):   Cynthia Samples ICE

(FBI)   (SECRET SERVICE)   (DEA)   (IRS)   (ICE)   (**OTHER**)

561-835-3341

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NUMBER:  13-8163-JMH

### BOND RECOMMENDATION

DEFENDANT: Wilson Alexander Castillo-Guerra

Pre-Trial Detention

(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By:  _____

AUSA:   Aurora Fagan

Last Known Address: Palm Beach County Jail

What Facility:  PBCJ

Agent(s):  Cynthia Samples ICE

(FBI)   (SECRET SERVICE)   (DEA)   (IRS)   (ICE)   (**OTHER**)

561-835-3341